## James Hewitt and others *v.* Montgomery Sloan.

Plaintiffs having advanced to defendants a certain sum on merchandise consigned to their house in another city, defendant drew a bill on the consignees, in their favor, for the amount advanced. The proceeds of the shipment falling short of the advance, plaintiffs sued for the difference, on an account debiting defendant with the amount of the bill, and crediting him with the nett proceeds of the sale. On an objection that the action should have been on the bill : *Held*, that the suit was properly brought.

Appeal from the Commercial Court of New Orleans, *Watts*, J.
*C. M. Jones*, for the plaintiffs.
*Elmore* and *W. W. King*, for the appellant.

Martin, J. The plaintiffs state that they made an advance to the defendant on 293 bales of cotton, shipped by the latter to their house in New York, on whom he gave his draft, and that there is a loss of $1,335 30, which is still due them. The defendant resisted the claim on an allegation that the plaintiffs' house in New York utterly disregarded his instructions as to

the sale of the cotton. He did not admit that the sale had taken place; and averred that he had lost five thousand dollars by the conduct of the house, which he urged in compensation and reconvention. The first judge was of opinion that the plaintiffs had established their claim, and that the defendant does not appear to have ever given positive orders for the sale of the cotton at any specified time; that a consignee under advances is never unwilling to sell and reimburse himself; and that a consignor, who seeks to hold him to strict liability, must establish and prove positive orders.

An objection was made to the suit being brought on an account, when it ought to have been on the bill. It was disregarded, on the ground that the account had the bill as an item thereof in the nature of an advance, the proceeds of the cotton as the item of credit, and the difference was the amount claimed.

We have closely examined the record, and are of opinion that the judge did not err.

*Judgment affirmed.*